## Beeson's Appeal.

Upon an accounting between partners, each member of the firm should pay his share of debts contracted and paid on account of the partnership.

Where a debt due the firm has not been paid, nor the affairs of the firm settled so as to show that the whole thereof belongs to one of the partners, it cannot be adjusted in an action for an accounting.

Where one partner pays a judgment recovered against him individually for a debt, he cannot be allowed, as against his partner, for one half of it without showing a liability on the part of the latter to contribute to its payment.

(Decided February 15, 1886.)

Certiorari sur appeal from a decree of the Common Pleas of Fayette County in equity. Affirmed.

The bill in this case was filed by Robert Hogsett against William Beeson. It alleged that plaintiff and defendant had entered into a copartnership for the manufacture of iron; that large quantities of iron were manufactured and sold; and that the proceeds of the sales were received and retained by defendant; and that large profits had been made by the partnership. The bill prayed an accounting.

The answer denied that any profits had been made, and set up an indebtedness from plaintiff to defendant.

A master, to whom the case was referred, found the following facts:

The Dunbar Iron Company having become insolvent, its creditors elected a board of directors, of which plaintiff and defendant, who were partners in another business, were members, to carry on the business of the company and endeavor to pay its indebtedness. Some time after the directors took charge of the works an explosion occurred, which damaged the property to

---

NOTE.—In Tindel v. Park, 154 Pa. 36, 26 Atl. 300, it was held that, in an action for accounting arising from a common-law partnership which had been carried on for six months after the expiration of a limited partnership, the accounts of the latter could not be considered.

such an extent that all hopes of retrieving the losses of the concern were given up, and it was decided to dispose of the property for the benefit of creditors. While the directors were in charge of the works, a debt was contracted to Rhodes & Company for supplies. That firm subsequently recovered a judgment against Beeson individually, and he was compelled to pay the debt.

On July 3, 1874, Hogsett and Beeson leased the works from the trustees of the company and entered into a partnership for the operation of the same. At this time there was a balance due from the iron works to the former firm of Hogsett & Beeson, and this sum was carried forward and entered on the books of the new firm. A bookkeeper in the employ of the firm of W. & J. K. Beeson rendered services to the firm of Hogsett & Beeson, and presented an account to the latter firm for payment.

The debts contracted by the directors upon their individual credit, while they were conducting the works, were assumed by the lessees and were paid by Beeson.

At the accounting Beeson claimed credit for the above items. The last one was allowed by the master, upon the ground that, as the debts were contracted for the joint benefit of Hogsett and Beeson in an enterprise intended for their mutual protection, and as they were assumed by and paid on account of the partnership, each member of the firm should pay his share. The master rejected the other claims; the first, on the ground that neither Hogsett's liability for the debt, nor a valid undertaking on his part to contribute to its payment, was shown, and, as the recovery had been against Beeson alone, he could not set up Hogsett's liability on the debt.

The master refused to allow the second claim because it did not appear that the debt had been paid, nor that the affairs of the former firm of Hogsett & Beeson had been settled so that the whole sum was due to Beeson, and that they could not be adjusted in this action.

He refused to allow credit for the amount due the bookkeeper, upon the ground that the bookkeeper was employed by another firm; and that, if anything was due for his services, it was due to that firm; and as they had made no claim, no liability for the service was shown to exist.

The master found a balance in favor of plaintiff.

Exceptions to the master's report were overruled, and the report confirmed by the court; whereupon Beeson appealed.

*Boyle & Mestrezat* for appellant.

*A. S. Fuller* and *R. H. Lindsey* for appellee.

PER CURIAM:

We see no error in the court overruling all the exceptions to the master's report, and in confirming the same.

The report shows a careful consideration of the evidence, a correct finding of the facts proved, and a just declaration of the law applicable thereto.

Decree affirmed and appeal dismissed, at the costs of the appellant.